UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RAY KEEL,<br><br>    Plaintiff,<br><br>v.<br><br>F. FOULK, et al.,<br><br>    Defendants. | No. 2:16-cv-1946-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

According to the complaint (ECF No. 1), plaintiff was found guilty of a rules violation report which resulted in his placement in administrative segregation for nine months, a loss of visits for one to two years, a freeze on his inmate trust account, and a loss of behavior credits. The initial rules violation report charged plaintiff with conspiracy to introduce a controlled substance into prison. In a subsequently issued rules violation report, plaintiff was charged with

conspiracy to introduce a controlled substance into prison with the intent to distribute. Plaintiff claims he did not know why he was even been investigated and did not know how to prepare a defense to the new charge. He speculates that defendant Fleming may have investigated him in retaliation for his filing of a lawsuit against prison officials. Plaintiff also alleges, vaguely, that "time constraints" were not met, that he was denied the opportunity to ask certain questions at his hearing, and that several of the documents related to the rules violation reports contained false statements. According to the complaint, "[t]he whole RVR process was totally procedurally defective, their [sic] was no way Plaintiff could win this." ECF No 1 at 9.[1] Plaintiff claims he was denied his right to due process and equal protection in violation of the Fourteenth Amendment. Under the applicable standards discussed below, the allegations are not sufficient to state a proper claim for relief. To proceed, plaintiff must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S.

---

[1] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

3

445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

Plaintiff fails to properly state a due process claim because the allegations do not show that his punishment implicated a protected liberty interest and that he was denied any of the necessary procedural protections set forth in *Wolff*. *See Medina v. Dickinson*, No. 2:10-cv-0502-LKK-AC, 2013 U.S. Dist. LEXIS 9166, at *26-27 (E.D. Cal. Jan. 23, 2013) (nine months in administrative segregation, accompanied by a loss of visiting privileges and access to educational and vocational programs does not trigger due process protections); *Christ v. Blackwell*, No. 2:10-cv-0760-EFB P, 2016 U.S. Dist. LEXIS 102825, *37-38 (E.D. Cal. Aug. 3, 2016) (a loss of credits that does not result in a shorter sentence does not give rise to a liberty interest). While plaintiff does have a protected property interest in his prison trust account, *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985), his allegations are too vague and conclusory to show that he was denied any constitutionally guaranteed procedural safeguards. Moreover, plaintiff's claim that some of the documents relied upon in the disciplinary proceedings contained false statements, does not implicate a constitutional right. *See Rupe v. Beard*, No. CV-08-2454-EFS, 2013 U.S. Dist. LEXIS 180415, at *24 (E.D. Cal. Dec. 23, 2013) ("While Plaintiff maintains that he was charged with false reports, the Due Process Clause does not make one free from false accusations, but merely provides procedural protections to defend against false accusations").

Plaintiff also fails to state an equal protection claim. To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Here, the allegations present no basis upon which to base a claim for a violation of plaintiff's equal protection rights.

4

Finally, although the complaint does not expressly include a First Amendment retaliation claim, the court nevertheless notes that to state such a claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

For these reasons, the complaint is dismissed with leave to amend. Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

5

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV. Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Third Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute.

Dated: November 14, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE