UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RAY KEEL,<br><br>Plaintiff,<br><br>v.<br><br>F. FOULK, et al.<br><br>Defendants. | No. 2:16-cv-1946-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. His initial complaint was dismissed on screening with leave to amend. ECF No. 7. He has filed an amended complaint (ECF No. 14) which must be screened.

### Screening

I. <u>Legal Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v. Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

    A. Background

Plaintiff alleges that, on May 25, 2013, defendants Flemmings and Pine interrogated him about his involvement in a conspiracy to introduce a controlled substance into High Desert State Prison. ECF No. 14 at 11. After the interrogation was concluded, Flemmings allegedly escorted plaintiff to a holding cell and told him that he would "bury" plaintiff in Administrative Segregation ("ASU") in retaliation for his past lawsuits against correctional officers. *Id.* Later that day, plaintiff was placed into ASU for his participation in the above noted conspiracy. *Id.*

Plaintiff alleges that defendant Nelson falsified an unspecified state document on either May 24, 2013 or May 29, 2013. *Id.* at 12. Plaintiff cites to an "Exhibit D" to support this claim, but no such document appears as an attachment to either this or his prior complaint.[1] *Id.* In any event, plaintiff states that he filed a prison grievance appeal regarding this falsification. *Id.*

On May 26, 2013, plaintiff states that the charge against him was changed to "conspiracy to introduce a controlled substance (sic) into prison with the intent to distribute." *Id.* at 13. Plaintiff states, without any elaboration, that this new charge was authored out of retaliation by defendant Flemmings.[2] *Id.*

Plaintiff alleges that on May 30, 2013, his due process rights were violated when defendant Foulk falsified a separate, unidentified state document and refused plaintiff the opportunity to take a controlled substance test. *Id.* at 12. Plaintiff states that being unable to take this test prolonged his stay in ASU. *Id.*

/////

---

[1] This issue is recurrent in this complaint. At the beginning of his amended complaint plaintiff identifies twenty-four lettered exhibits. ECF No. 14 at 7. The court has reviewed the record in this case and has not been able to locate these exhibits in any of plaintiff's filings.

[2] In a separate paragraph, plaintiff alleges that defendant Flemmings wrote two different "lock up orders." ECF No. 14 at 13. The first was authored on May 25, 2013 and changed in some unspecified way on May 29, 2013. *Id.* In this paragraph, plaintiff goes on to make the unintelligible allegation that Flemmings "changed the CDCR report 115, on 9.26, 2013 both CDCR rule violation reports has the same log number, just put the new first page of the violation report on the top of the old violation report, is a vialation (sic) of due procees (sic) and procedures." *Id.*

3

In August 22, 2013, defendant Thompson allegedly falsified another unspecified state document. *Id.* He also denied plaintiff the opportunity to take the aforementioned substance test. *Id.* Plaintiff states that this denial was, again, undertaken in retaliation to keep him in ASU for as long as possible. *Id.* Confusingly, plaintiff states that on August 19, 2013, the California Department of Justice reported that certain unspecified "evidence" in this case tested positive for marijuana.[3] *Id.*

Plaintiff states, since May 25, 2013, he has been unable to access his inmate trust account. *Id.* at 14. He allegedly learned in October of that year that a hold had been put on the account by defendant Flemmings. *Id.* Plaintiff states that this hold is another form of retaliation. *Id.*

On September 11, 2013, plaintiff was issued a rules violation report based on the conspiracy to introduce a controlled substance. *Id.* A hearing was held on October 8, 2013 before defendant Ramsey. *Id.* at 16. Plaintiff alleges that Ramsey violated his due process rights by: (1) failing to play audio tape of an interview that would have proven that the rules violation report was falsified; (2) rejecting plaintiff's bid to question defendant Flemmings – who was a witness at the hearing; (3) punishing plaintiff by taking his canteen privileges for ninety days – a punishment that plaintiff alleges was "made up"; and refusing to read a written statement from plaintiff at the hearing. *Id.* at 17-18. Plaintiff's ultimate punishment consisted of, *inter alia*, : (1) loss of his "day room"; (2) loss of personal phone call privileges; (3) loss of his work and educational programs; (4) mandatory monthly drug testing; and (5) the loss of 160 days credit.[4] *Id.* at 18-19.

/////

---

[3] The complaint actually states the test was positive for "Maijuaan." ECF No. 14 at 12. The court interprets this as a misspelling of marijuana.

[4] It is unclear whether the restoration of these credits would necessarily result in an earlier release from prison for plaintiff. In *Nettles v. Grounds*, the Ninth Circuit held that "[i]f the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." 830 F.3d 022, 929 (9th Cir. 2016). Thus, if these credits *would* positively impact his release date, this action is more appropriately brought in habeas. Plaintiff may address this issue in his amended complaint (*see supra*), if he elects to file one.

4

B. Argument

The court finds that plaintiff has improperly attempted to join at least[5] two unrelated claims. Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact. Here, plaintiff has alleged one claim for retaliation against defendant Flemmings which claims that this defendant took various actions against him in retaliation for the filing of lawsuits against other correctional officers. Plaintiff also alleges a separate due process claim based on the manner in which defendant Ramsey conducted his disciplinary hearing. Although both claims are tangentially related to the conspiracy charges against plaintiff, the court concludes that the claims do not share common questions of law or fact. That is, the question of whether defendant Flemmings repeatedly retaliated against plaintiff over several months is entirely unrelated to the question of whether defendant Ramsey violated plaintiff's due process rights at a single disciplinary hearing.

The court will afford plaintiff a final opportunity to amend his complaint. Plaintiff is informed that, if his next complaint relies in any way on attached, documentary exhibits, he must ensure that those exhibits are actually attached to his filing.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so

/////

---

[5] In reality there appear to be at least three or four claims, though many of them are too vague to be cognizable. As noted *supra*, plaintiff alleges that his due process rights were violated when various, unspecified documents were falsified and he was denied the opportunity to take a substance test. These claims are simply not plead with sufficient detail or cogency to meaningfully address, much less proceed.

closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 14) is dismissed with leave to file an amended complaint within 30 days from the date of service of this order; and

/////

/////

/////

2. Failure to comply with this order may result in dismissal of this action.

DATED: November 27, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE