UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RAY KEEL,<br><br>          Plaintiff,<br><br>    v.<br><br>F. FOULK, et al.<br><br>          Defendants. | No. 2:16-cv-1946-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. His initial and first amended complaints were dismissed on screening with leave to amend. ECF Nos. 7 & 17. He has since filed a second amended complaint (ECF No. 29) which must be screened.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

/////

1

In screening plaintiff's first amended complaint, the court identified at least two unrelated claims that plaintiff had improperly joined in a single complaint.[1] ECF No. 17 at 5. Plaintiff is again reminded that Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact. Like the prior complaint, plaintiff has alleged one claim for retaliation against defendant Flemmings, claiming that this defendant took various actions against him in retaliation for the filing of lawsuits against other correctional officers. And he has alleged a separate due process claim based on the manner in which defendant Ramsey conducted his disciplinary hearing. As the court previously stated, these claims do not share common questions of law or fact. That is, the question of whether defendant Flemmings repeatedly retaliated against plaintiff over several months is entirely unrelated to the question of whether defendant Ramsey violated plaintiff's due process rights at a single disciplinary hearing. Plaintiff's second amended complaint makes little to no effort to cure this deficiency. The first half of the second amended complaint is nearly identical to the prior complaint, and the rest is substantially similar. The inclusion of exhibits with the second amended complaint does not cure the problem of improperly joined claims.

In an abundance of caution, the court will allow plaintiff a final opportunity to amend his complaint. Plaintiff is informed that if his next complaint contains unrelated claims that cannot be properly brought together in a single lawsuit, the court will recommend that this action be dismissed for failure to comply with a court order.

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 29) is dismissed with leave to file a third amended complaint within 30 days from the date of service of this order; and

/////

/////

/////

---

[1] The court also noted that there really appeared to be at least three or four claims, though many of them were too vague to be cognizable. The same is the case with the second amended complaint.

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: February 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3