UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RAY KEEL,<br><br>    Plaintiff,<br><br>    v.<br><br>F. FOULK, et al.,<br><br>    Defendants. | No. 2:16-cv-1946-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff's previous complaints were dismissed with leave to amend (ECF Nos. 7, 17, 30). Plaintiff has filed his third amended complaint (ECF No. 37) and the court must screen it.

Screening

I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v. Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
4  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
6  meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*,
7  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute*
8  *on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490
9  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
10 has an arguable legal and factual basis.  *Id.*
11     "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
12 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
13 what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.
14 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
15 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
16 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
17 allegations sufficient "to raise a right to relief above the speculative level." *Id*. (citations
18 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
19 merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (alteration in original)
20 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d
21 ed. 2004)).
22     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
23 relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl.
24 Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content
25 that allows the court to draw the reasonable inference that the defendant is liable for the
26 misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In reviewing a complaint
27 under this standard, the court must accept as true the allegations of the complaint in question,
28 *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II.     Analysis

The court has previously and repeatedly admonished plaintiff against joining multiple, unrelated claims against more than one defendant. *See*, *e.g.*, ECF No. 30 at 2. Despite those admonitions, plaintiff has filed yet another complaint in which numerous defendants and claims have been improperly joined. The court will not endeavor to describe every single separate claim, but it will list the following as illustrative of the problem: (1) defendants Fleming and Pine retaliated against plaintiff for filing law suits against other correctional officers by assigning him to administrative segregation; (2) defendant Foulk falsified documents and violated plaintiff's due process rights by declining to administer a test of certain controlled substances which plaintiff was accused of conspiring to introduce to High Desert State Prison; and (3) defendants Foulk, Ramsey, and Fleming violated plaintiff's rights in connection with two separate rules violation hearings (Foulk in one; Ramsey and Fleming in the other). These claims bear no obvious factual relation and attempting to litigate them in a single lawsuit would be logistically impracticable. Additionally, it would allow plaintiff to sidestep paying the filing fees that would be required to appropriately bring these claims in separate actions.

This is plaintiff's third amended complaint and, given his failure to rectify this long-running deficiency, giving further leave to amend would seem futile. Thus, the court must decide how, if at all, this action should proceed. Rather than recommending dismissal, the court finds it more equitable to allow plaintiff's first claim – that Fleming and Pine retaliated against him for protected activity – to proceed and to recommend dismissal of all other claims without prejudice so that plaintiff may bring them, if at all, in separate actions. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Thus, it is recommended that all of plaintiff's other claims be dismissed. If those recommendations are adopted, the court will direct service for defendants Fleming and Pine.

/////

/////

Conclusion

Accordingly, it is ORDERED that the Clerk shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that all of the claims in plaintiff's third amended complaint be DISMISSED without prejudice save for his retaliation claims against Fleming and Pine. If these recommendations are adopted, this matter should be referred back to the undersigned for service on Fleming and Pine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4