1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICKY RAY KEEL,                              Case No.  2:16-cv-01946-TLN-JDP (PC)

12                     Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                                   THAT DEFENDANTS' MOTION TO
13           v.                                    DISMISS BE GRANTED

14    PINE, *et al.*,                              OBJECTIONS DUE WITHIN FOURTEEN
                                                   DAYS
15                     Defendants.
                                                   ECF No. 51
16

17

18           Plaintiff is a state prisoner proceeding without counsel in this action brought under

19    42 U.S.C. § 1983.  He alleges that defendants Pine and Fleming violated his First Amendment

20    rights by placing him in administrative segregation in retaliation for his filing a lawsuit against

21    other correctional officers.[1]  Defendants move to dismiss, arguing that plaintiff's claims are

22    barred by the statute of limitations.  I agree and recommend that defendants' motion be granted.

23                                       **Legal Standard**

24           A complaint can be dismissed for "failure to state a claim upon which relief may be

25    granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

26    plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

27    _____

28           [1] The court previously dismissed certain claims against Fleming, Pine, and three other
      defendants.  ECF Nos. 37, 44.

                                                    1

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.  *Id.*

For purposes of dismissal under Rule 12(b)(6), the court construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party and generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co*., 710 F.3d at 956.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  However, the court need not accept as true unreasonable inferences or conclusory legal assertions cast in the form of factual allegations. *See Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**Analysis**

Defendants argue that plaintiff's First Amendment retaliation claims are untimely because he did not commence this action until August 17, 2016, well after the two-year limitations period expired.  ECF No.  51-1 at 1.  There is no dispute that a two-year statute of limitations applies: § 1983 does not provide its own statute of limitations, so federal courts look to state law, *see Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008), which sets the statute of limitations for personal injury actions at two years, Cal. Civ. Proc. Code § 335.1.[2]

---

[2] Defendants ask that the court take judicial notice of state court records showing that plaintiff is serving a sentence of life without the possibility of parole.  ECF No. 52.  That request is granted.  *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record.").  Those records show that plaintiff was sentenced to life without the possibility of parole.  California law extends the statute of limitations period by

1    Federal law is dispositive, however, on when a cause of action accrues. *Lukovsky*, 535 F.3d at

2    1048. Federal claims accrue when a plaintiff knows or has reason to know of the relevant injury.

3    *See Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (quoting *Trotter v. Int'l*

4    *Longshoreman's and Warehouseman's Union*, 704 F.2d 1141, 1143 (9th Cir. 1983)).

5        The third amended complaint alleges that on May 25, 2013, Fleming told plaintiff that he

6    was going to "bury [plaintiff] in administrative segregation" because plaintiff had sued other

7    correctional officers. ECF No. 37 at 12. Later that day, defendants allegedly arranged for

8    plaintiff to be placed in administrative segregation; plaintiff knew or should have known of the

9    injury underlying his retaliation claims at that time. *Id.* at 12-13.

10        Plaintiff contends, however, that the limitations period did not begin to run until January

11    21, 2015, when he claims to have exhausted his administrative remedies. ECF No. 62 at 2. He

12    argues that he did not learn either defendants' names or that their conduct was retaliatory until

13    after submitting a prison grievance on June 10, 2013. ECF Nos. 62 at 2; 29 at 36.[3] He further

14    argues that he continued to seek administrative relief, such as by filing a claim with the Victim

15    Compensation and Government Claims Board, through January 21, 2015. ECF No. 62 at 2-3.

16        While plaintiff might not have known defendants' names at the time of the incident, that

17    does not impact the accrual date. As noted above, a claim accrues when a plaintiff knew or

18    should have known of the injury and its cause; a plaintiff is not required to know the names of the

19    persons causing the injury for claims to accrue. *See Dyniewicz v. United States*, 742 F.2d 484,

20    486-87 (9th Cir. 1984) (holding that a claim accrues at the time the plaintiff has knowledge of the

21    _____

22    two years for inmates serving a sentence of less than life without the possibility of parole. *See*
     Cal. Code Civ. Proc. § 352.1(a). However, inmates serving a sentence of life without the

23    possibility of parole, as is plaintiff, are not eligible for this extra time. *See Brooks v. Mercy*
     *Hosp.*, 1 Cal. App. 5th 1, 7 (Cal. App. 2016).

24        [3] A copy of that grievance, as well as other administrative documents, were included with
     the second amended complaint. ECF No. 29. While those documents were not included with the

25    third amended complaint, they are plaintiff, referenced in the operative complaint, central to plaintiff's
     claims, and neither party has questioned their authenticity. *See Warren v. Fox Family Worldwide,*

26    *Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003). The court may treat such documents as "part of the
     complaint, and thus may assume that [the] contents are true for purposes of a motion to dismiss

27    under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). I will

28    therefore consider these documents in adjudicating defendants' motion.

1    injury and its cause—not when he learns who is responsible for causing the injury); *Tysman v.*

2    *Pellicano*, No. CV 05-1485-DSF (AJWx), 2012 WL 12884409, *1 (C.D. Cal. Feb. 27, 2012)

3    ("To the degree that 'cause' of an injury must be known before a claim accrues under federal law,

4    the identity of the wrongdoer is not what is meant by 'cause' of the injury.").

5           There is also no merit to plaintiff's argument that he was not aware that defendants'

6    actions were retaliatory until after he filed the grievance.  ECF No. 62 at 2.  This argument, aside

7    from its conclusory nature, contradicts plaintiff's allegations.  Plaintiff specifically alleges that on

8    May 25, 2013, Fleming said to him, "you like to sue I.S.U. officers, huh?  Well I am going to

9    bury you in [the] administrative segregation unit [] from here on, as long as I can."  Consistent

10   with that threat, Fleming, with the assistance of Pine, allegedly arranged for plaintiff to be placed

11   in administrative segregation later that day.  ECF No. 37 at 12-13.

12          I also find unpersuasive plaintiff's argument that the limitation period commenced after he

13   finished pursing his administrative remedies.  Although in different terms, plaintiff is essentially

14   arguing that he is entitled to equitable tolling.  California's equitable tolling doctrine has been

15   applied by federal courts to toll the limitation period in § 1983 claims.  *See Daviton v.*

16   *Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1139-42 (9th Cir. 2001) (en banc).  It has been

17   applied "when an injured person has several legal remedies and, reasonably and in good faith,

18   pursues one."  *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (Cal. 2008)

19   (citation and internal quotation marks omitted).  Under this doctrine, a plaintiff is entitled to

20   tolling for time spent exhausting his administrative claims.  *See Brown v. Valoff*, 422 F.3d 926,

21   942-43 (9th Cir. 2005).  Equitable tolling is a judicially-created, nonstatutory doctrine designed to

22   prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the

23   statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied.

24   *See McDonald*, 45 Cal. 4th at 99 (quotation marks and citations omitted).  Plaintiff bears the

25   burden of alleging facts that would give rise to equitable tolling.  *See Hinton v. Pac. Enters.*, 5

26   F.3d 391, 395 (9th Cir. 1993).

27          The only grievance identified by plaintiff—Log No. HDSP-D-13-01790—does not

28   provide a basis for equitable tolling.  To begin with, that grievance neither describes the

4

1   retaliatory conduct nor alleges any wrongful conduct by defendants.  Instead, plaintiff complains

2   in the grievance that a report incorrectly stated that he had refused to accept the results of a field

3   drug test.  ECF No. 29 at 36.  Thus, that grievance was not directly related to the claims raised in

4   this case.  *See Francis v. Bryant*, No. CV F 04-5077 REC-SMS (P), 2007 WL 951354, at *3-4

5   (E.D. Cal. March 27, 2007) (rejecting the plaintiff's equitable tolling argument because the

6   relevant grievance did not concern any facts relating to either of the plaintiff's claims).

7       But even if plaintiff's grievance related to his retaliation claims, it still would not entitle

8   him to equitable tolling.  That grievance was canceled at the first level of review on January 8,

9   2014, and there is no indication that he filed a separate appeal challenging the cancelation

10  decision.  ECF No. 29 at 34; *see Baker v. German*, No. 1:16-cv-01873-AWI-SAB (PC), 2018 WL

11  276762, at *4 (E.D. Cal. Jan. 3, 2018) ("Plaintiff is not entitled to exhaustion-based tolling

12  because his appeal was cancelled as untimely.").

13      Plaintiff's government claim, which he attempted to submit on May 13, 2014, also does

14  not toll the limitations period.  The Government Claims Board notified him at least twice that his

15  claim was incomplete because the Board did not receive his filing fee.  ECF No. 63-1 at 3, 8.

16  Plaintiff has submitted records reflecting that he attempted to have the filing fee drawn from his

17  prison trust account, ECF No. 29 at 6-15, but for some unknown reason, the Board never received

18  the funds.  Regardless, there is no indication that plaintiff attempted to resubmit the filing fee or

19  submit a new claim with a filing fee.  Instead, he asked that the prison cancel the check, which

20  resulted in the fee being refunded to his trust account on January 21, 2015.  Because plaintiff did

21  not correct the filing fee issue, he is not entitled to tolling for the time he spent attempting to

22  exhaust claims under the California Tort Claims Act.  *See Beaudoin v. Schlachter*, 672 F. App'x

23  706, 707 (9th Cir. 2016) ("The district court properly found that [claimant] was not entitled to

24  equitable tolling for the period that he pursued his related tort claim under the California Tort

25  Claims Act ('CTCA') because that claim was untimely."); *Dixon v. Barnes*, No. 2:18-cv-1713-

26  MCE-EFB (P), 2019 WL 3425247, at *3 (E.D. Cal. July 30, 2019) (noting that the plaintiff was

27  not entitled to equitable tolling for his government claim because the board rejected the claim as

28  incomplete and untimely).  His claims are therefore untimely and must be dismissed without

leave to amend.  *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018)

(holding that the plaintiff's untimely § 1983 claims were properly dismissed without leave to

amend because amendment would have been futile).

Accordingly, it is hereby RECOMMENDED that:

1. defendants' motion to dismiss, ECF No. 51, be granted;

2. plaintiff's First Amendment retaliation claim be dismissed without leave to amend; and

3. the Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under

28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States

District Court, Eastern District of California.  The parties may, within 14 days of the service of

the findings and recommendations, file written objections to the findings and recommendations

with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings

and Recommendations."  The district judge will review the findings and recommendations under

28 U.S.C. § 636(b)(1)(C).


IT IS SO ORDERED.


Dated:    December 3, 2021                                        _____
                                                                 JEREMY D. PETERSON
                                                                 UNITED STATES MAGISTRATE JUDGE